UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| In re:<br><br>JOSEPH RAYMOND BILBAO,<br><br>Debtor. | Case No. 18-04463<br>Chapter 11<br>Judge Mashburn<br><br>SECOND AMENDED AND RESTATED<br>CHAPTER 11 PLAN |
|---|---|

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................. 2
II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ..... 2
     A.   General Overview ........................................................ 2
     B.   Unclassified Claims ..................................................... 2
          1.   Administrative Expenses ........................................ 3
          2.   Priority Tax Claims .............................................. 3
     C.   Classified Claims and Interests ..................................... 4
          1.   Classes of Secured Claims ..................................... 4
          2.   Classes of Priority Unsecured Claims ....................... 4
          3.   Class of General Unsecured Claims .......................... 4
          4.   Class(es) of Interest Holders .................................. 5
     D.   Means of Performing the Plan ...................................... 5
          1.   Funding for the Plan ............................................ 5
          2.   Post-Confirmation Management .............................. 5
          3.   Disbursing Agent ................................................ 5
III. TREATMENT OF MISCELLANEOUS ITEMS ................................ 5
     A.   Executory Contracts and Unexpired Leases ...................... 5
          1.   Assumptions ....................................................... 5
          2.   Rejections ......................................................... 6
     B.   Changes in Rates Subject to Regulatory Commission Approval ... 6
     C.   Retention of Jurisdiction ............................................. 6
IV.  EFFECT OF CONFIRMATION OF PLAN .................................... 7
     A.   Discharge ................................................................ 7
     B.   Revesting of Property in the Debtor ............................... 7
     C.   Modification of Plan .................................................. 7
     D.   Post-Confirmation Status Report ................................... 7
     E.   Quarterly Fees ......................................................... 8

F.        Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
G.       Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## I.

## INTRODUCTION

JOSEPH RAYMOND BILBAO is the Debtor in a Chapter 11 bankruptcy case. On July 5, 2018, Debtor commenced a voluntary bankruptcy case by filing a Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which is pending approval by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by using Debtor's income. The Effective Date of the proposed Plan is 45 days after confirmation.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified.

2

They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

1.  **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

There are no administrative claims under the plan except for any quarterly fees owed by the Debtors that may become due between now and the confirmation of the case and the unpaid attorney's fees for Steven L. Lefkovitz, Counsel for the Debtor-in-possession, which are subject to the approval of the Court.

2.  **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan:

3

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| • Name = IRS<br>• Type of tax = Income Tax<br>• Tax years = 2009, 2014 - 2016 | $19,214.48 | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br>• End date<br>• Interest Rate %<br>• Total Payout Amount | Paid in full on the Effective Date of the plan |

If the reorganized Debtors substantially default on the payments of a tax due to the IRS under the plan, the entire tax debt still owed to the IRS shall become due and payable immediately, and the IRS may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code.

C.  **Classified Claims and Interests**

   1.  **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | |

4

| 3-A | Secured claim of:<br>• Name = VW Financial<br>• Collateral description = 2015 Audi S8<br>• Collateral value = $80,777.79<br>• Priority of security int. = First<br>• Principal owed = $80,777.79<br>• Total claim amount = $80,777.79 | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br>• Begin date<br>• End date<br>• Interest rate<br>• Total payout<br>• Treatment of Lien | Collateral surrendered in full satisfaction of claim. This creditor shall have until the Effective Date of the plan to file any amended claim in these proceedings. |

By agreement between the Debtor and Bank of America, the this claimant is to be treated as follows:

The treatment of Class 3-B in the Plan, as it relates to the claim stated in the Plan [Doc. 84] to be in the name of Bank of America and the property being a 2013 Porsche Cayenne is are hereby deleted in its entirety and replaced with the following in the Plan. **NOTE THAT THIS VEHICLE IS A LEASE WHICH EXPIRES MARCH 2021. THIS LEASE IS BEING ASSUMED BY THE DEBTOR:**

5

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3-B | Secured claim of:<br>• Name = Bank of America<br>• Collateral description = 2013 Porsche Cayenne<br>• Collateral value = $33,051.32<br>• Priority of security instrument = First<br>• Principal owed = $33,051.32<br>• Total claim amount = $33,051.32 | N | Y | • Pymt interval = monthly<br>• Pymt amount = $768.66<br>• Begin date = June 1, 2020<br>• End date = May 1, 2024<br>• Interest rate = 5.5%<br>• Total payout = Contract<br>• Treatment of lien = Retained until completion of payments |

2. **Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

There are no priority unsecured claims under the Plan.

3. **Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

1

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 4 | General unsecured claims<br><br>• Total amount of claims = see attached Exhibits for disbursement and changes to plan | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br><br><br><br>• End date<br><br><br>• Interest rate<br>• Total payout | = Monthly<br>= $3,398.34<br>= 1st day of the month after effective date<br>= 48 mos. from effective date<br>= 0.00%<br>= 100% of allowed claims |

Monthly payments shall be made on a pro rata basis based on the value of each unsecured claim. Any plan payments returned to the Debtor by unsecured creditors shall become property of the reorganized Debtors.

4. **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder.

The Debtor is an individual in this case.

D. **Means of Performing the Plan**

1. **Funding for the Plan**

The Plan will be funded by the following: Debtor's personal service income as being an in house staff counsel.

2. **Post-confirmation Management**

The Debtor shall be responsible for post-confirmation management.

3. **Disbursing Agent**

2

Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A.  Executory Contracts and Unexpired Leases**

    **a.  Assumptions**

There are no unexpired leases or executory contracts to be assumed under this Plan.

    **b.  Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:

All executory contracts and leases not explicitly assumed above.

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT WAS November 7, 2018. Any claim based on the rejection of a contract or lease will be barred unless the claim is made within thirty (30) days of the order confirming the Chapter 11 Plan.

**B.  Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.  Retention of Jurisdiction.**

The Court shall retain jurisdiction for purposes of granting a discharge to Debtor, determining any and all objections to the amounts of claims, applications for compensation and expenses, to enforce the provisions of the Plan, to correct any defect, cure any omissions or

3

reconcile any inconsistency in the Plan, and to determine such other matters as may be provided for in the Order of the Court confirming the Plan.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

### A. Discharge

Pursuant to 11 U.S.C. §1141(d)(5), in a case in which the Debtors are individuals, Confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan. However, §1141(d)(5)(B) provides that at any time after the Confirmation of the Plan, and after notice and a hearing, the Court may grant a discharge to the Debtors before completing all payments under the Plan if (1) the value, as of the Effective Date of the Plan, of property actually distributed under the Plan on account of each Allowed Unsecured Claim is not less than the amount that would have been paid on such Claim if the estate of the Debtors had been liquidated under Chapter 7 on such date, and (2) modification of the Plan under Section 1127 is not practicable. To determine the amount that would have been paid if the estate of the Debtors had been liquidated under Chapter 7 on the Effective Date of the Plan, please refer to the liquidation analysis contained in the Disclosure Statement.

### B. Revesting of Property in the Debtor

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

### C. Modification of Plan

4

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan. The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

D.  **Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

E.  **Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

F.  **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the

5

party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

G.  **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: May 8, 2020

Respectfully submitted,

/s/ Steven L. Lefkovitz, No. 5953
STEVEN L. LEFKOVITZ
Counsel to the Debtor
618 Church Street, Suite 410
Nashville, TN 37219
Phone: (615) 256-8300
Fax:    (615) 255-4516
Email: slefkovitz@lefkovitz.com

Joseph Raympnd Bilbao
Listing of unsecured creditors

| Creditor | Scheduled Amount | Claim Amount | Calculated Amount |
|---|---|---|---|
| American Express | $ 41,671.71 | $ 41,725.58 | $ 41,725.58 |
| Avant LLC | $ 2,441.75 | | $ 2,441.75 |
| Bank of America | $ 9,876.52 | | $ 9,876.52 |
| Barclay Card | $ 3,283.99 | | $ 3,283.99 |
| BMW Card Services | $ 4,761.30 | $ 4,692.61 | $ 4,692.61 |
| Capital One | $ 5,259.83 | $ 5,167.78 | $ 5,167.78 |
| Chase | $ 3,790.80 | | $ 3,790.80 |
| Chase Slate | $ 2,809.70 | | $ 2,809.70 |
| Circleback Lending | $ 11,868.37 | $ 11,868.37 | $ 11,868.37 |
| Citibank | $ 3,545.36 | | $ 3,545.36 |
| Discover | $ 3,922.84 | $ 3,922.84 | $ 3,922.84 |
| First Loan Assc | Not Filed | $ 8,626.87 | $ 8,626.87 |
| Lending Club | $ 20,695.05 | | ***** |
| Matthew Engles | Not Listed | No amt listed | No amt listed |
| Mohela | $ 47,679.16 | $ 47,679.16 | ***** |
| One Main Financial | $ 12,000.00 | $ 16,962.35 | $ 16,962.35 |
| Opportunity Financial | $ 2,289.93 | $ 2,325.15 | $ 2,325.15 |
| Paypal | $ 359.00 | | $ 359.00 |
| Porsche Financial | Not Listed | No amt claimed | No amt claimed |
| Prosper Funding | $ 34,465.99 | $ 34,539.27 | $ 34,539.27 |
| Republic Financie | $ 2,166.00 | $ 2,148.33 | $ 2,148.33 |
| So Fi | $ 81,998.20 | $ 81,321.37 | ***** |
| State Farm | unknown | | unknown |
| Synchrony Bank | Not Listed | No amt listed | No amt listed |
| Synchrony Bank | Not Listed | $ 394.00 | $ 394.00 |
| Upstart | $ 2,000.00 | $ 2,055.04 | $ 2,055.04 |
| Wells Fargo | $ 2,545.81 | $ 2,584.81 | $ 2,584.81 |
| | | | $ 163,120.12 |

Note that the Debtor has filed objections to the claims of Lending Tree, One Main, Mohela, and SoFi due to inaccurate documentation. If these all of these claims are allowed in full and the Debtor continues to pay 100% to creditors, then the plan payment will be increased to $5,213.60 monthly.